IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| JONATHAN ROMAN RIVERA,<br>ANGEL MARCANO RIVERA,<br>MYRTHA RIVERA SERRANO and<br>ALBERTO ROMAN PEREZ | * <br> * <br> * <br> * <br> * | CIVIL NO.: |
| PLAINTIFF | * <br> * | |
| V. | * <br> * <br> * <br> * | RE:  PLAINTIFFS<br>REQUEST TRIAL BY<br>JURY |
| **JOSÉ MIRANDA DÍAZ** his wife Mrs.<br>Miranda Díaz and the Conjugal<br>Partnership formed by both of<br>Them; **ROBERT FIGUEROA BETANCOURT**<br>his wife Mrs. Figueroa Betancourt<br>and the Conjugal Partnership formed<br>by both of them; **RICHARD ROE**, Mrs.<br>Richard Roe and the Conjugal<br>Partnership formed by both of them;<br>**JOHN DOE** his wife Mrs. Doe and the<br>Conjugal Partnership formed by both<br>of them **POLICE OFFICERS A,B,C,D,E,**<br>**F**, their wives or husbands and the<br>Conjugal Partnership formed by both<br>of them; **PEDRO TOLEDO DAVILA** his<br>wife Mrs. Toledo Dávila, and the<br>Conjugal Partnership formed by both<br>of them; **ROBERTO SANCHEZ RAMOS** his<br>wife Mrs. Sánchez Ramos and the<br>Conjugal Partnership formed by both<br>of them; **MILAGROS GAUTIN** her<br>husband Mr. Gautín and the Conjugal<br>Partnership formed by both of them;<br>**MANUEL NUÑEZ CORRADA** his wife Mrs.<br>Nuñez Corrada and the Conjugal<br>Partnership formed by both of them;<br>**JIMARA GABRIEL MAYSONET,** her<br>husband Mr. Gabriel Maysonet, and<br>the Conjugal Partnership formed by<br>both of them; **SONIA OTERO,** her | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | |

```
husband Mr. Otero and the Conjugal  *
Partnership formed by both of them;*
ALMA MÉNDEZ and her husband Mr.    *
Méndez and the Conjugal partnership*
formed by both of them; JOSE CAPÓ  *
his wife Mrs. Capó and the Conjugal*
Partnership formed by both of them;*
Attorneys X, Y and Z their husbands*
and or wives and the Conjugal      *
Partnership formed by them         *
                                   *
     DEFENDANTS                     *
*  *  *  *  *  *  *  *  *  *  *  * *
```

**COMPLAINT**

TO THE HONORABLE COURT:

NOW COME THE PLAINTIFF, through his undersigned attorney, and respectfully allege and pray as follows:

1.     This is a civil action for compensatory money damages against defendants for the violation of plaintiff's constitutional rights guaranteed under the Fourth Amendment regarding, prohibition against unreasonable search and seizure and Fourteenth Amendment, prohibition against deprivation of life and liberty without substantive and procedural due process of the Constitutions and laws of the United States as applied to the States under the Due Process Clause; as well as Section 7,8 and 10 of Article II of the Constitution of the Commonwealth of Puerto Rico, without justification, illegal, unreasonable and arbitrary and constituted an oppressive and abusive use of power by the defendants, acting under color of law and authority, and for

2

damages for injuries and/or moral damages suffered by plaintiff due to defendant's intentional and/or grossly negligent and negligent acts taken in callous and reckless disregard and/or deliberate indifference to the constitutional rights of the plaintiff and in violation of the tort laws of Puerto Rico.

## JURISDICTION AND VENUE

2.   This action is brought pursuant to 42 USC Section 1983, 1986 and 1988 and the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded upon 28 USC §§ 1331 and 1343 and the aforementioned statutory provisions.   Plaintiff further invoke the supplemental jurisdiction of the Court pursuant to 28 USC § 1367 to hear and decide claims arising under the laws of Puerto Rico and related claims with respect to the pendent parties.

3.   Venue is proper within the district as the actions, omissions, and transactions Complained of, occurred within the Commonwealth of Puerto Rico.

## PARTIES

4.   Plaintiffs are Jonathan Román Rivera, of legal age, single, resident of San Juan, Puerto Rico, and citizen of the United States of America. Ángel Marcano Rivera is of legal age, resident of San Juan, Puerto Rico, brother of

plaintiff, Jonathan Román Rivera and citizen of the United States of America. Myrtha Rivera Serrano is of legal age, resident of San Juan, Puerto Rico, mother of both, Jonathan and Ángel Marcano Rivera and citizen of the United States of America. Alberto Roman Perez, of legal age, resident of San Juan, Puerto Rico, citizen of the United States of America and father of plaintiff Jonathan Roman Rivera

5.   Defendant, José Miranda Díaz an agent of the Puerto Rico Criminal Investigations Corps (CIC), which at all times relevant to this complaint was a police officer for the Police Department of the Commonwealth of Puerto Rico who under color of law was as such during the investigation of the murder of Mr. Adam Joel Anhang Uster, prosecution and trial of Jonathan Román Rivera. He is sued in his individual capacity.   At the time relevant to this complaint this defendant was allegedly married to Mrs. Miranda Díaz with whom he formed their conjugal partnership.

6.   Codefendants, Robert Figueroa Betancourt, Richard Roe, John Doe, Police Officers A, B, and C are fictitious name for Police Officer's and/or agents or supervisors of the Police Department of the Commonwealth of Puerto Rico, who under color of law participated in the investigation of the murder of Mr. Adam Joel Anhang Uster, prosecution and trial of Jonathan Román Rivera whose real names are unknown

to plaintiff at the time of filing this complaint.  They are sued in their individual capacities. At the time relevant to this complaint these defendants were allegedly married to Mrs. Figueroa Betancourt, Mrs. Roe, Mrs. Doe, Mr. or Mrs. A, B and C with whom he formed their corresponding conjugal partnerships.

7.    Codefendants, Police Officers D, E and F were at all times relevant to this complaint polices officers of the Police Department of the Commonwealth of Puerto Rico and acting under color of law were responsible for the hiring, selection, training, supervision, discipline, suspension, termination and compliance with applicable and regulations. They are sued in their individual capacity. At the time relevant to this complaint these defendants were allegedly married to Mr. or Mrs. D, E and F with whom he formed their corresponding conjugal partnerships.

8.    Codefendant, Pedro A. Toledo Dávila was at all times relevant to this complaint, the Superintendent of the Commonwealth of Puerto Rico Police Department, acting as such under color of law and sued in his individual capacity. At the time relevant to this complaint this defendant was allegedly married to Mrs. Toledo Dávila with whom he formed their conjugal partnership.

9.    Codefendant, Roberto Sánchez Ramos was at the time relevant to this complaint the Secretary of Justice for Commonwealth of Puerto Rico and acting under color of law. He is sued in his individual capacity.  At the time relevant to this complaint this defendant was allegedly married to Mrs. Sánchez Ramos with whom he formed their conjugal partnership.

10.    Codefendants, Milagros Goutín, Manuel Nuñez Corrada, Jimara Gabriel Maysonet, Sonia Otero, were at the time relevant to this complaint the State Prosecutors for the Commonwealth of Puerto Rico, acting under color of law. They are sued in heir individual capacities.  At the time relevant to this complaint these defendants were allegedly married to Mr. Goutin, Mrs. Nuñez Corrada, Mrs. Otero with whom they formed their corresponding conjugal partnership.

11.    Alma Méndez and José Capó were the District attorneys in charge and or supervised the prosecutors that investigated the case filed against Mr. Jonathan Román Rivera, acting under color of law.  They are sued in their individual capacity.  At the time relevant to this complaint these defendants were allegedly married to Mr. Méndez, Mrs. Capó with whom they formed their corresponding conjugal partnership.

12. Attorneys X, Y and Z who are designated with fictitious names because their correct names are unknown to plaintiff at this time were prosecutors, District Attorneys and or supervisors of the prosecutors and District Attorneys whom acting under color of law were involved in the investigation and or prosecution of Mr. Jonathan Román Rivera. They are sued in their individual capacity. At the time relevant to this complaint these defendants were allegedly married to Mr. or Mrs. X, Y and Z with whom they formed their corresponding conjugal partnership.

**FACTS**

13. On September 22, 2005 Mr. Adam Joel Anhang Uster was murdered in the streets of Old San Juan. As a result of this unfortunate incident the Puerto Rico Police Department launched an investigation.

14. Since the beginning of the murder investigation Police Officer, agent José Miranda Díaz, who is part of the Puerto Rico's Police Department Criminal Investigation Corps (CIC) and assigned to this case, received specific information from various sources and in various occasions that the murder of Mr. Adam Joel Anhang Uster was committed by Mr. Alex Pabón Colón. As part of the information received, agent Miranda also received a photograph of Mr.

Pabón Colón, the phone number used to communicate with Mr. Pabón Colón and other pertinent information.

15.  Agent José Miranda Díaz and his supervisors Robert Figueroa Betancourt, also received information from other agents of the CIC and through an independent investigation that Mr. Jonathan Román Rivera was not involved in the murder of Mr. Adam Joel Anhang Uster.

16. With all the information leading and pointing out that Mr. Alex Pabón Colón was the prime suspect of this murder, knowing that he was in hiding and prior to having properly concluded the murder investigation, on October 12, 2005, defendants, arrested Mr. Jonathan Roman Rivera and charged him with the murder of Adam Joel Anhang Uster.

17.  With all of the above mentioned information in their hands, prosecutors proceeded with the criminal case.

18. As part of the process in the criminal case, Mr. Jonathan Román Rivera's attorney filed motions prior to the beginning of the trial; one of this motions was based on a notice of an alibi defense and the other one was a Discovery Motion under Rule 95 of the Puerto Rico Rules of Criminal Procedure, requiring the production all existing material evidence, general and exculpatory and that would assists the defense in the preparation of their case and in the hands or under the control of the District Attorney's Office.

19. The first of these motions was investigated by the defendants and produced exculpatory evidence which was not produced nor informed to Mr. Román Rivera's attorneys as required by law.

20. The motion requiring the production of evidence including but not limited to exculpatory evidence was knowingly, maliciously and wrongfully answered by the named defendant prosecutors in a clear violation of Mr. Román Rivera's federal and state constitutional rights.

21. Without having knowledge that this information was available the Trial was held from September 17, 2007 till October 10, 2007. Eventually Mr. Jonathan Román Rivera was found guilty of murder in the first degree under Article 106 of the Puerto Rico Penal Code and Article 5.05 of the Puerto Rico Arms Law.

22. On December 13, 2007 Judgment was entered and Mr. Jonathan Román Rivera was convicted to 99 years for the violation to Article 106 and 6 years for the violation to Article 5.05 to be served concurrently. On this same date Mr. Jonathan Román Rivera was incarcerated.

23. An appeal was filed on January 11 2008 before the Commonwealth of Puerto Rico Appeals Court.

24. On June 4, 2008, U.S. Attorney's Office filed charges for murder and conspiracy against Mr. Alex Pabón-

Colón and Mrs. Aurea Vázquez Rijos for the murder of Adam Joel Anhang Uster.

25. On June 6, 2008, the U.S. Department of Justice notified and made a full disclosure to the Commonwealth of Puerto Rico Secretary of Justice, informing that Mr. Alex Pabón-Colón provided FBI investigators with a voluntary confession describing the plot that culminated in the murder of Adam Joel Anhang Uster, for which Mr. Jonathan Román Rivera was charged and serving time. This letter also stated that Mr. Román Rivera was innocent and was not involved in any matter in the murder of Mr. Adam Joel Anhang Uster.

26. As a result of this letter a hearing was scheduled and held on June 8, 2008, at the San Juan Superior Court.

27. Prior to the hearing and as a result of the charges filed against Alex Pabón Colón and Áurea Vázquez Rijos, plaintiff filed a Motion Requesting New Trial. During this hearing and contrary to the information provided by the U.S. Department of Justice, the Commonwealth of Puerto Rico Department of Justice, stated that they would initiate an investigation regarding allegations made by the U.S. Department of Justice. As part of the hearing Mr. Jonathan Román Rivera was release on bail but under the supervision of the Commonwealth of Puerto Rico Pre Trial Services

Office; still his conviction status was held and continued until such investigation could be concluded.

28.  At this hearing the Commonwealth of Puerto Rico Department of Justice maintained, insisted and reiterated that Mr. Jonathan Román Rivera was guilty and convicted as charged.

29.  On August 13, 2008 a second hearing was scheduled but it was continued as the Commonwealth of Puerto Rico alleged that they had not concluded their investigation.

30.  On September 15, 2008, the Commonwealth of Puerto Rico Justice Department requested that all charges filed against Mr. Jonathan Román Rivera be dismissed.

## CAUSES OF ACTIONS

31. The paragraphs stated hereinbefore are literally incorporated herein and are made part of the following paragraphs.

32.  During the course of the investigation regarding the murder of Mr. Adam Joel Anhang Uster, all defendants failed and refused to properly investigate leads and evidence that established that plaintiff was not involved in any way or manner in above mentioned crime. Police officers and prosecutors having knowledge of these facts and

exculpatory evidence proceeded with filing of charges against Mr. Jonathan Román Rivera.

33. None of this information was provided to Plaintiff's counsel as requested by him through the discovery process in a clear and blatant violation of Mr. Jonathan Román Rivera rights protected by both the Constitution of the United States and of the Commonwealth of Puerto Rico.

34. Defendants, José Miranda Díaz, and police officers Richard Roe, John Doe A,B and C maliciously, negligently and through deception concealed pertinent and exculpatory information and evidence related to individuals who came forward with information pertinent and indispensable to Mr. Roman Rivera's defense; evidence that discarded Jonathan Román Rivera as the murderer and information which identified the murderer of Mr. Adam Joel Anhang Uster as Alex Pabon-Colón.

35. After the arrest of Mr. Jonathan Román Rivera, Defendants, Police Officer José Miranda Díaz, police officers Richard Roe, John Doe A, B and C obtained and were provided with additional beneficial information for the defense of Mr. Román Rivera as well as additional evidence that indicated that Alex Pabon-Colón was responsible of Mr. Anhang's death.

36.    This evidence was provided to the Commonwealth of Puerto Rico Prosecutors, Milagros Goutín, Mnauel Nunez Corrada, Jimara Gabriel Maysonet, Sonia Otero, and attorneys X,Y and Z which contrary to their constitutional responsibility knowingly, willfully, conspire to concealed and through deception failed to provide Jonathan Román Rivera defense attorneys with the same as required by law and in deprivation of his federal and local constitutional rights; subjecting Mr. Román Rivera to the deprivation of his right to a fair trial and liberty.

37.    All of the above mentioned defendants continued with their concealment and deception even after the United States Department of Justice informed them that Jonathan Román Rivera was innocent, as they insisted until September 15, 2008 of his involvement and guiltiness in this case.

38.    These violations to Mr. Roman's constitutional rights were the direct and proximate cause of Mr. Roman's illegal conviction.

39.    Prosecutors, Milagros Goutin, Manuel Nuñez Corrada, Jimara Gabriel Maysonet, Sonia Otero, Alma Méndez and José Capó, conspired with each other and/or aided and abetted one another to fabricate charges, knowingly, intentionally and in there pursue of winning the case at all costs failed to comply with the basic due process

principles.    These defendants having knowledge of the existence of exculpatory evidence and evidence that would assist Plaintiff to present an adequate defense, maliciously concealed the same in order to prosecuted and obtain a conviction of an innocent individual through deception and violation of plaintiff's civil rights.

40.  At the time of the facts relevant to the complaint Robert Figueroa Betancourt and police Officers D, E and F police officers of the Police of Puerto Rico, in charged with supervising the actions of officers José Miranda Díaz and police officers A, B and C, evaluating their performance as a police officer, and assuring that their ongoing training was adequate.

41. In the exercise of these duties, the defendants mentioned in the preceding paragraph knew or should have known and identified the dangerous tendencies of police officers José Miranda Díaz, Richard Roe, John Doe, Police Officers A, B and C, to act unlawfully and contrary to the civil and constitutional rights of the citizens of Puerto Rico.  They also knew that these officers had received inadequate and deficient training with respect to the carrying out of their duties.  They failed o properly train, supervise, and/or evaluate and discipline these defendants or to prevent or correct these dangerous deficiencies or to

assure that they would not hurt citizens through the use of their official authority.

42. Defendants, Toledo Dávila, Disciplinary Officers D, E, and F were at all times relevant to this complaint responsible for the recruitment of personnel to become police officers and for the administration of human resources matters within the police department. As such, they were responsible for the system which would identify and eliminate those candidates who were potentially violent, has psychological problems, or otherwise lacked the capacity to perform the duties of police officers. Therefore these officials failed to adequately identify the violent nature of these two officers and the other difficulties which made them a danger to citizens once granted official authority as police officers. These Defendants were responsible for implementing and/or executing a disciplinary system which adequately imposed discipline and a system that secures civil and constitutional rights of the citizens of the Commonwealth of Puerto Rico and ensures that no innocent individual be accused viciously, negligently or solely on the basis of conforming a statistic or quota. By failing to adequately supervise the officers under their command they failed to adequately identify the unlawful tendencies of these police officers.

43. Despite Toledo Dávila, Roberto Figueroa Betancourt, Disciplinary Officers D, E, and F the actual or constructive knowledge of the unlawful tendencies of codefendants José Miranda Díaz and Polices Officers, Richard Roe, John Doe and Police Officers A,B, and C, and of their inadequate recruitment, training, supervision, evaluation and/or discipline, these defendants failed to take any action to prevent the abuse of official authority by these officers.

44.  At the time of the facts relevant to the complaint District Attorneys, Alma Méndez and José Capó and District Attorneys X, Y and Z, were in charged with supervising the actions of prosecutors, Milagros Goutin, Manuel Nuñez Corrada, Jimara Gabriel Maysonet, Sonia Otero evaluating their performance as a prosecutors, and assuring that their ongoing work and investigations  were adequate and in accordance with the basic principles of the laws of the United States and the Commonwealth of Puerto Rico.

45. In the exercise of these duties, the defendants mentioned in the preceding paragraph knew or should have known and must have identified the dangerous, negligent and unlawful tendencies of these prosecutors and the threat that by their actions, inactions and omissions they represented to citizens of Puerto Rico.  They also knew that these prosecutors    had    received    inadequate    and    deficient

instructions, supervision and training with respect to the carrying out of their duties. They failed o properly train, supervise, and/or evaluate and discipline these defendants or to prevent or correct these dangerous deficiencies or to assure that they would not hurt citizens through the use of their official authority.

46. Defendants, Roberto Sánchez Ramos, Attorneys X, Y and Z were at all times relevant to this complaint responsible for the evaluation and recruitment of attorneys to become prosecutors and for the administration of human resources matters within the Commonwealth of Puerto Rico Department of Justice. As such, they were responsible for the system which would identify and eliminate those candidates who could potentially be involved in the omission of their duties as prosecutors and their inability to comply and act in accordance with the Constitutions of the United States and the Commonwealth of Puerto Rico. Therefore these officials failed to adequately identify the unlawful nature of these prosecutors and the other difficulties which made them a danger to citizens once granted official authority as prosecutors. These    Defendants were responsible for implementing and/or executing a disciplinary system which adequately imposed discipline and a system that secures civil and constitutional rights of the citizens of the

Commonwealth of Puerto Rico and ensures that no innocent individual be accused viciously, negligently or solely on the basis of conforming a statistic or quota. By failing to adequately supervise the prosecutors under their command they failed to adequately identify the unlawful tendencies of these prosecutors.

47.    Despite Roberto Sanchez Ramos, Alma Méndez, José Capó and attorneys X, Y and Z the actual or constructive knowledge of the unlawful tendencies of codefendants, Milagros Goutin, Manuel Nuñez Corrada, Jimara Gabriel Maysonet, Sonia Otero and of their inadequate recruitment, training, supervision, evaluation and/or discipline, these defendants failed to take any action to prevent the abuse of official authority by these officers.

48.    The action and omissions of all of the defendants were taken in reckless disregard and/or deliberate indifference to the rights of citizens and proximately caused the violation of the constitutional rights of plaintiffs' and the injuries suffered by plaintiff as alleged herein.    All defendants are liable for those suffering.

49. Prosecutors knowing of the existence of clear and convincing evidence which would established that a defendant (Jonathan Román Rivera) under the prosecutor's jurisdiction

was convicted of an offense that he didn't committed, prosecutors failed to seek remedy of the conviction.

50. The actions and omissions of all of the defendants were taken in callous and reckless disregard and/or deliberate indifference to the rights of citizens and proximately caused the violation of the constitutional rights of the plaintiff and the injuries suffered by the plaintiff as alleged herein. All defendants therefore are liable for those sufferings.

51. As a direct and proximately result of the actions described herein, charges were filed against Jonathan Román Rivera was wrongly accused, charged, submitted to trial and found guilty based on incorrect evidence by the covering of evidence for which he was jailed for eight months; then released on bail but still subject to the filing of a new Trial even after defendants knew of the already existing evidence and direct exculpatory evidence informed by the United States Justice Department.

52. As a direct and proximately result of the actions describe herein, Jonathan Román Ricera suffered grievous emotional and physical pain, for which he is entitled to damages. He also suffered illegal detention, arrest and confinement and loss of liberty as well as physical and mental abuse.

53.    As a direct and proximately result of the acts described herein, the plaintiffs, Angel Marcano Rivera, Alberto Roman Perez and Myrtha Rivera all lost the company and affection of their son and brother and their liberty to enjoy such companionship.  All of these plaintiffs suffered extreme emotional anguish, mental suffering as a result of the acts complained herein.  They also suffered significant economic loss due to the need to retained legal counsel to defend their son and brother from the criminal charges incorrectly filed against him.

54. This cause of action arises under the federal civil rights statute.

55.    The acts and omissions performed by defendants deprived Jonathan Román Rivera of his federal Constitutional rights, by perverting the legal process to deprive him of liberty interests.   These acts constitute an illegal detention and arrest, invasion of privacy, violation of due process and cruel and unusual punishment, all in violation of the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution and 42 USC §1983.  Said acts and omissions were negligent, grossly negligent or intentional and/or taken in callous and reckless disregard and/or deliberate indifference for the

rights of the plaintiff for which defendants are liable to them.

## SECOND CAUSE OF ACTION

56.    Plaintiff repeats and alleges each and every allegation contained in the previous paragraphs of this complaint as if fully alleged herein.

57.    The acts and omissions of the defendants described herein constitute illegal detention and arrest invasion of privacy, cruel and unusual punishment and violation of due process, all in violation of Article II of the Constitution of Puerto Rico and I LPRA Sections 10 and 11.

58.    The acts and omissions of the defendants described herein constitute a tort actionable under Article 1802 of the Civil Code of Puerto Rico for which they respond to plaintiffs.

59. This Court has supplemental jurisdiction pursuant to 28 USC §1367 to hear and adjudicate these claims arising from the same nucleus of operative facts.  It also has jurisdiction with respect to the pendent parties included in this cause of action.  This court has pendent jurisdiction to hear and adjudicate these claims arising from the same nucleus of operative facts.

## DAMAGES

60. As a direct result of the deprivation of his Federal Civil Rights and the under the Commonwealth of Puerto Rico General tort statutes, Jonathan Román Rivera was jailed for 8 month, suffered and continue to suffer severe and permanent psychological moral and emotional pain, anguish and distress and has sustained a loss of his enjoyment of life and happiness. While in jail he developed a skin condition that continues to affect him. Mr. Román Rivera after being release on June 8, 2008 became extremely depress and anxious due to defendants' unwillingness to dismiss the charges incorrectly filed against him and the possibility that he could return to jail.

61. Defendants actions besides unlawful were done with malice, reckless indifference, negligence and knowledge that their actions constituted a violation plaintiff existing and recognized federally constitutional right. As a result of these violations Plaintiff is entitled to receive an award for damages and punitive damages which will preclude the occurrence of such unlawful conduct.

62. Jonathan Román Rivera demands that judgment be entered in his favor and against defendants awarding him the amount of twelve million dollars ($12,000,000.00) in

compensatory damages and punitive damages; attorney's fees, costs, and post-judgment interests.

63. As a result of Jonathan Román Rivera wrongful incarceration and the emotional damages he experienced as a result of the same, Mrs. Myrtha Rivera Serrano, Alberto Roman Perez and Angel Marcano Rivera, mother, brother and father of Jonathan Román Rivera, suffered great emotional pain, suffering anguish and distress and their lost to maintain a family relationship with their son and brother as he was wrongfully incarcerated. This ordeal had caused a great amount of emotional strain and apprehension. They demand that judgment be entered in their favor and against defendants, in the amount of two million dollars ($2,000,000.00) for each of them, attorney's fees, costs of this action and post-judgment interests.

## DEMAND FOR JURY TRIAL

64. Plaintiff demand trial by jury.

WHEREFORE, the Plaintiff request and pray to this Honorable Court to grant the instant complaint, therefore, entering judgment in their favor awarding the amount for compensatory damages as was detailed above by plaintiff, and the following relieves, jointly and severally, against all defendants for their physical, emotional damages; Punitive damages; attorney's fees and costs; prejudgment interest and

such other and further relief as may appear just and reasonable.

RESPECTFULLY SUBMITTED.

I CERTIFY: That on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

In San Juan, Puerto Rico, this 11t[h] day of September, 2009.

s/Juan R. Requena Dávila
JUAN R. REQUENA DAVILA
USDC-PR No. 205908
PO Box 9825
PLAZA CAROLINA STATION
CAROLINA, PR 00988-9825
TEL. (787) 768-6945
Email: requenalaw@yahoo.com